Erik BULLOCK *v.* Shiwona PACE

02–1079                                              94 S.W.3d 925

Supreme Court of Arkansas
Opinion delivered January 16, 2003

*Petitioner, pro se.*

*J. Fred Hart,* for respondent.

P ER CURIAM. In 2000, Shiwona Pace filed a civil com-
plaint contending that Erik Bullock had caused physical
and mental harm to her and caused the death of her unborn child.
On June 19, 2002, judgment was entered reflecting that a jury had
returned a verdict for Pace in the amount of $1,500,000 in com-
pensatory damages and $3,000,000 in punitive damages.

Bullock filed a *pro se* notice of appeal from the judgment and
a motion to proceed *in forma pauperis* on appeal. The court denied
Bullock's motion to proceed as an indigent. Bullock tendered a
partial record on appeal to this court and now before us is peti-
tioner Bullock's *pro se* motion to be permitted to proceed as a
pauper on appeal from the judgment.

The motion is denied inasmuch as there is no provision
in the prevailing rules of procedure to permit a defendant in a civil
action to proceed at public expense. Rule 72 of the Rules of Civil

Procedure provides that an indigent person may *prosecute* his or her cause of action *in forma pauperis* under certain circumstances. Petitioner Bullock was the defendant in the cause filed by Ms. Pace. As such, he is not entitled to proceed as an indigent from the adverse judgment. If petitioner desires to lodge the appeal, he is responsible therefore for tendering both the record on appeal and the required filing fee at his expense.

Motion denied.